## HART v. THE STATE.

1. *Prima facie* a local statute which prohibits the sale of spirituous liquors within 5 miles of certain specified churches applies only to sales outside of the limits of incorporated towns, villages or cities.

2. Where the General Assembly incorporates a town in the month of August and confers express authority upon the corporate body to grant licenses to retail spirituous liquors, such act is not repealed or in any way modified by a subsequent act, passed in the following October by the same General Assembly, prohibiting sale within 5 miles of certain specified churches, it not appearing that any of the churches named are situate within the town so incorporated.

February 15, 1892.

Criminal law. Liquor. Statutes. Before Judge JENKINS. Laurens superior court. July term, 1891.

Reported in the decision.

HINES, SHUBRICK & FELDER, for plaintiff in error.

H. G. LEWIS, solicitor-general, by H. T. LEWIS, *contra.*

LUMPKIN, Justice.

On August 23d, 1889, the General Assembly passed an act incorporating the town of Lovett in the county of Laurens, providing therein, among other things, that the mayor and councilmen should have power to raise revenue by imposing taxes on the sale of spirituous liquors in said town. On October 25th, 1889, the same General Assembly passed an act prohibiting and making penal the sale of spirituous, malt or intoxicating liquors within five miles of twenty named churches in said county, including Pleasant Hill. On the 29th of the same month another act was passed, regulating the sale of liquors in said county.

Hart was indicted for a violation of the second of the above mentioned acts, it being alleged in the indictment that he unlawfully sold spirituous, malt and intoxicating liquors within five miles of Pleasant Hill church in the

county of Laurens, the indictment, however, not alleging that the sale took place outside the corporate limits of the town of Lovett. The accused demurred to the indictment, and the demurrer was heard and determined in connection with an admission that he had obtained a license to sell spirituous liquors from the corporate authorities of the town of Lovett. The bill of exceptions assigns as error the overruling of this demurrer, which, among other questions thereby raised, presented those suggested in the head-notes, our rulings upon which dispose of the case.

1. Acts forbidding the sale of liquors in the vicinity of churches are in the nature of police regulations. Their manifest purpose is to secure peace, tranquillity and good order at and around these places devoted to divine worship, by preventing the location of liquor-shops so near as to subject congregations to those annoyances and disturbances which too frequently result from the sale and use of ardent spirits. The benefits arising from legislation of this kind are peculiarly adapted to and needed by churches located in the country, for the reason that they are not otherwise protected from the evils mentioned; but in cities, towns and villages, duly incorporated and having regular police officers specially charged with the duty of looking after places where liquors are sold, and preserving order at and around them, there is far less likelihood of disorderly conduct, and when it does occur, it can be promptly suppressed. Indeed, churches within, and in the vicinity of, these municipalities are, as a general rule, so far as the sales of liquors inside the incorporations are concerned, sufficiently protected by the municipal regulation and supervision. Such, we think, has been the legislative view of this subject in this State. Hence, there is no good reason for presuming, in the absence of an express declaration to that effect, that the act now under consider-

ation was intended to apply to sales of liquor in an incorporated town previously authorized to license such sales. Of course, if it affirmatively appeared that Pleasant Hill, or any other church specified in the act, was actually in the town of Lovett, the act would be operative in all the territory lying within five miles of such church, including the town, but as this does not appear, either in the act itself or in the record before us, we must presume that none of these churches are in the town, and that as the General Assembly intended by the act to deal only with sales of liquor in the country, sales in the town are not affected by its provisions.

2. What has been said leads to the conclusion that the act of August 23d, providing for the sale of liquor in the town of Lovett, was not repealed or modified by the act of October 25th, which relates to territory outside of incorporated towns ; and irrespective of the views already expressed, it would seem that under the general rules for interpreting statutes, the latter act would not affect the former. Sutherland on Statutory Construction, §§152, 153.

It follows that if the accused sold liquor in Lovett under a proper license, he was not guilty of any criminal offence. The license being admitted, the sale most probably occurred in Lovett; but even if it did not, the indictment should have so stated,—else every averment in it could be true, and yet the facts alleged would not necessarily show that the sale was criminal. The demurrer ought to have been sustained.

*Judgment reversed.*